UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JACKIE N. ROBINSON, | ) | CASE NO. 4:14 CV 43 |
| | ) | |
| Petitioner, | ) | Judge Jeffrey J. Helmick |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| CHRISTOPHER LAROSE, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

In an order dated September 22, 2014, Petitioner *pro se* Jackie N. Robinson was instructed to file an amended petition on a Form AO 241 ("Petition for Relief from a Conviction or Sentence by a Person in State Custody") or a document substantially duplicating that form, within 45 days, or this case would be dismissed. Petitioner has not complied with that order, but did file a Supplement (Doc. No. 5), a Motion for Summary Judgment (Doc. No. 6), a motion for release (Doc. No. 7), and a motion for relief (Doc. No. 8).[1] The thrust of his claim is that his 1979 convictions in the Summit County, Ohio Common Pleas Court are invalid because he was not properly indicted, and that the trial court therefore lacked jurisdiction.

Petitioner's claim, while generalized, appears to fundamentally rest on provisions of Ohio law.[2] It is not the province of this court to reexamine state-court determinations on state-law questions.

---

[1] These filings are collectively referred to as "the Petition."

[2] Petitioner mentions his federal constitutional right to due process, but does not specify how this right relates to his claim.

*Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).   Therefore, even liberally construed, the Petition does not set forth a cognizable federal habeas claim.

Further, persons in custody pursuant to a state court judgment must file any federal habeas petition within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).   Section 2244(d)(2) provides: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner is challenging convictions which occurred in 1979.   None of the circumstances set forth in 28 U.S.C. § 2244(d)(1) is claimed to apply, and there is no suggestion of any basis for tolling the one-year statute of limitations.   Therefore, the Petition is untimely.

Accordingly, this case is dismissed.   I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability.   Fed. R. App. P. 22(b); 28 U.S.C. § 2253.

So Ordered.

                                                     s/Jeffrey J. Helmick

                                             UNITED STATES DISTRICT JUDGE